IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DELMARK ROBINSON and**                                                            **PLAINTIFFS**
**EVELYN ROBINSON**

**V.**                                                                           **NO. 4:25-CV-20-DMB-DAS**

**WINONA POLICE DEPARTMENT;**
**MONTGOMERY CO. SHERIFF**
**DEPT.; and CITY OF WINONA, MS**                                                 **DEFENDANTS**


## ORDER

Delmark Robinson and Evelyn Robinson sued the Winona Police Department, the Montgomery County Sheriff Department, and the City of Winona, after officers allegedly broke down the door to Evelyn's home and detained Delmark.  The Sheriff Department moves to dismiss the claims against it based on insufficient service of process.  Because Evelyn, as a party to this litigation, may not act as the process server too, the motion to dismiss will be granted.

### I
### Procedural History

On February 7, 2025, Delmark Robinson and Evelyn Robinson filed a pro se complaint in the United States District Court for the Northern District of Mississippi against the Winona Police Department, the Montgomery County Sheriff Department, and the City of Winona, Mississippi,[1] asserting Fourth, Fifth, and Eighth Amendment violations based on allegations that the defendants subjected Evelyn's house to an unreasonable search during which Delmark was dragged to the floor and detained, did not read Delmark his Miranda rights after detaining him, and refused Delmark medical care while he was in custody.  Doc. #1.  On July 2, the Clerk of the Court notified

---

[1] On November 3, 2025, the Winona Police Department and the City of Winona were dismissed without prejudice due to the Robinsons' failure to timely serve process on them.  Docs. #24, #25.

the Robinsons that a summons had not been served on any of the defendants. Doc. #12. The next day, United States Magistrate Judge David A. Sanders entered an order "allow[ing] the [Robinsons] an additional 30 days to complete service of process," meaning "[a]ll defendants must be served no later than August 4, 2025."[2] Doc. #13. On July 28, the Robinsons filed a proof of service signed by Evelyn as the process server indicating the summons for the Sheriff Department was returned unexecuted because it was "Refused." Doc. #15.

On August 21, the Sheriff Department filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). Doc. #20. The Robinsons responded on September 24.[3] Doc. #23. The Sheriff Department did not reply.

## II
## Standard

"A motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007) (per curiam). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Henderson v. Republic of Tex. Biker Rally, Inc.*, 672 F. App'x 383, 384 (5th Cir. 2016) (per curiam) (quoting *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *Moody Nat'l Bank, N.A. v. Bywater Marine, L.L.C.*, 544 F. App'x 384, 386 (5th Cir. 2013) (per curiam) (quoting *George v. U.S. Dep't of Lab.*, 788 F.2d 1115, 1116 (5th Cir. 1986)).

---

[2] The Robinsons acknowledged their receipt of Judge Sanders' July 3 order. Doc. #14.

[3] In violation of Local Rule 7(b)(4), the Robinsons' response is untimely and is not accompanied by a memorandum brief. However, given the Robinsons' pro se status and the Court's preference to decide the motion on the merits, the Court will consider the Robinsons' response.

**III**
**Analysis**

The Sheriff Department argues that "[t]he purported attempt at service of process on [it] in this action is defective for two independent reasons: (1) one of the [Robinsons] themself served the summons and complaint in violation of Fed. R. Civ. P. 4(c)(2)'s requirement that a named party cannot serve process; and (2) the summons and complaint were not served on an individual authorized to accept service of process on behalf of a State governmental entity in violation of Fed. R. Civ. P. 4(j)(2)." Doc. #20 at 1. Regarding the first reason, the Sheriff Department elaborates that "the Proof of Service shows that … Evelyn—a named party in the case—is the one who attempted to serve the complaint and summons;" "[f]or Rule 4 service, the summons can only be served by a 'person who is at least 18 years old and not a party;" "[i]t is well established that service of process is ineffective when a plaintiff as a party in the lawsuit attempts to serve the summons on a defendant;" and "[the Robinsons'] status as pro se litigants does not obviate the due-process and civil-rule requirements for effectuating valid service of process." Doc. #21 at 4–5 (emphases omitted) (quoting FED. R. CIV. P. 4(c)(2)). As to the second reason, the Sheriff Department explains that "the individual [Evelyn] claims to have served does not appear to be an authorized agent for service of process for [the Sheriff Department];" "[Evelyn] did not deliver a copy of the summons to the Sheriff;" "[a]s indicated on the Proof of Service itself, she delivered it to an 'Office Manager;'" and "[i]t is not clear how this 'Office Manager' constitutes an individual person authorized to accept service of process on behalf of the Sheriff Department under Fed. R. Civ. P. 4(j)(2)." *Id.* at 6–7 (quoting Doc. #15 at PageID 55).

The Robinsons respond that "[they] had no attorney(s) and [they] filed everything as carefully as possible to make sure that [they] were following the law and the guidelines established to afford all parties due process with notifications;" "Evelyn … made every attempt to serve [the

3

Sheriff Department] with the Proof of Service;" "the Motion to Dismiss indicates that counsel had been unable to confer with [them] at the contact information provided" and "[i]f the motion to dismiss is granted for that reason, it is reasonable to assume that [they] are in a vicious circle of parties not accepting documents when they are served, and having the case dismissed for technicalities that they are using to manipulate, without taking responsibility for the charges brought forth in the initial filings."[4]  Doc. #23 at 1.

Federal Rule of Civil Procedure 4 provides that service of a summons with a copy of the complaint may be accomplished by "[a]ny person who is at least 18 years old and *not a party*." FED. R. CIV. P. 4(c)(2) (emphasis added).  The proof of service here reflects that Evelyn attempted to personally serve a copy of the summons on the "Montgomery County Sheriff Office" and left the summons with an "Office Manager."  Doc. #15 at PageID 55.  As a party to this lawsuit, Evelyn cannot act as the process server to serve the summons and complaint on any defendant.  While it is unclear whether the Robinsons complied with Federal Rule of Civil Procedure 4(j)(2)—which specifies how state-created governmental organizations must be served[5]—Evelyn's attempt to personally serve process alone renders service of process insufficient.  That the Robinsons are pro

---

[4] The Robinsons also argue that "[g]iven the addresses provided, during the hours open for normal business, employees assigned with the responsibility to deal with the business of the City of Winona and the Winona Police Department refused to accept the Proof of Service delivery for the City of Winona and the Winona Police Department and/or sign the Proof of Service;" "[n]o other employees or persons in position of authority were present after multiple attempts at trying to serve the defendants;" "[t]he representative of the court was reached by phone, and the court representative answering the phone advised Evelyn … that the Proof of Service should be returned to the court with an indication that the packet had been refused;" and "[t]hese instructions were followed."  Doc. #23 at 1 (emphasis omitted).  The Robinsons' description of their attempts to serve the City of Winona and the Winona Police Department are irrelevant because the motion to dismiss for insufficient service of process was filed by the Sheriff Department, not the City of Winona or the Winona Police Department.

[5] Rule 4(j)(2) requires that "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by … delivering a copy of the summons and of the complaint to its chief executive officer … or … serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Relevant Mississippi law provides that a plaintiff may properly serve a governmental entity like the Sheriff Department with process "by delivering a copy of the summons and complaint to the person, officer, group or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing the entity. Service upon any person who is a member of the 'group' or 'body' responsible for the administration of the entity shall be sufficient."  MISS. R. CIV. P. 4(d)(8).

se plaintiffs does not excuse this failure, especially since they were provided ample opportunity to perfect service on the Sheriff Department. *See Propes v. Quarterman*, 573 F.3d 225, 232 (5th Cir. 2009) ("[W]e cannot ignore the principle that *pro se* litigants must conform to the same rules that are no doubt more easily understood by lawyers.") (emphasis in original); *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007) ("While courts are more lenient with pro se litigants, we have cautioned that the right of self-representation does not exempt a party from compliance with the relevant rules of procedural and substantive law, and that those who venture into federal court without the assistance of counsel cannot be permitted to enjoy much or protracted advantage by reason of that circumstance.") (cleaned up). In short, the motion to dismiss will be granted.

**IV**
**Conclusion**

The Sheriff Department's motion to dismiss [20] is **GRANTED**. The Robinsons' claims against the Sheriff Department are **DISMISSED without prejudice**.

**SO ORDERED**, this 30th day of March, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

5